# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 12-0530** (Fayette County 11-F-38)

**Scott C. Palmer,**
**Defendant Below, Petitioner**

**FILED**

June 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Scott C. Palmer, by counsel Nancy S. Fraley, appeals the Circuit Court of Fayette County's sentencing order entered on March 26, 2012. Respondent State of West Virginia, by the office of the Attorney General, has filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner admitted to ingesting alcohol and LSD at a party on September 21, 2010. He states that afterward, he felt that everyone around him, including those he could not see, were trying to kill him and thus he needed to hide. He confronted the victim in front of her home, and the victim quickly closed and locked her front door. Petitioner broke a window and entered the house. The victim fled and called the police. When the police arrived, they found petitioner covered in blood and threatening to kill all of the officers, although he was later determined to be unarmed. He admitted to taking LSD and was subdued by officers. He had trailed blood throughout the house after purposely breaking a coffee mug and attempting to slit his wrists with the broken pieces, and had ransacked the home, including the victim's purse and closets. After he was read his *Miranda* rights, he admitted to breaking into the house in an attempt to flee people who were chasing him. Petitioner was taken to the hospital and the home was searched.

Petitioner was indicted on one count of burglary and one count of misdemeanor destruction of property during the January of 2011 term of court. Petitioner moved to dismiss the indictment for failure to name the specific crime petitioner entered the home to commit, but the motion was denied. On August 23, 2011, a jury trial was held. At the conclusion of the State's case, petitioner moved for a judgment of acquittal based on the State's failure to prove that he broke into and entered the home with the intent to commit a crime therein. The State argued in response that it had no duty to prove which crime petitioner had intended to commit, but only that he entered the home with the intent to commit a crime. The evidence was clear that

1

petitioner had gone through many parts of the home and the court denied the motion. Defense Expert Dr. Ralph S. Smith testified that petitioner was not criminally responsible due to a substance-induced psychotic disorder, secondary to LSD usage. The defense renewed the motion for judgment of acquittal at the close of all evidence, and this motion was again denied. The jury found petitioner guilty on both counts. Petitioner was sentenced on March 1, 2012, to one to fifteen years of incarceration on the daytime burglary count and one year in the regional jail for the destruction of property count, to be served concurrently.

On appeal, petitioner presents four assignments of error. First, he argues that the circuit court erred in not dismissing the indictment for daytime burglary because it failed to allege the specific crime he intended to commit when he broke into and entered the residence. Second, he argues that the court erred in denying his instruction regarding voluntary intoxication because the intoxication impaired his ability to form the requisite intent. Third, petitioner argues that the trial court erred in denying his motion for judgment of acquittal once uncontested expert testimony was offered which established that petitioner lacked criminal responsibility and had a diminished capacity to form intent. Finally, petitioner argues that the State failed to present evidence of any specific intent to commit a crime and, therefore, there was insufficient evidence to convict him of burglary.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). As to the indictment, this Court has stated:

> "[D]ismissal of [an] indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict' or if there is 'grave doubt' that the decision to indict was free from substantial influence of such violations." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 261-62, 108 S.Ct. 2369, 101 L.Ed.2d 228, 238 (1988) (citing *United States v. Mechanik*, 475 U.S. 66, 78, 106 S.Ct. 938, 945, 89 L.Ed.2d 50 (1986) (O'Connor, J., concurring)).

Syl. Pt. 6, *State ex rel. Pinson v. Maynard*, 181 W.Va. 662, 383 S.E.2d 844 (1989). Moreover, "[i]n reviewing the evidence for sufficiency to support the indictment, the court must be certain that there was significant and material evidence presented to the grand jury to support all elements of the alleged criminal offense." Syl. Pt. 7, *Pinson,* 181 W.Va. 662, 383 S.E.2d 844. Petitioner herein was indicted on one count of burglary. The relevant statute reads as follows:

> Burglary shall be a felony and any person convicted thereof shall be confined in the penitentiary not less than one nor more than fifteen years. If any person shall, in the nighttime, break and enter, or enter without breaking, or shall, in the daytime, break and enter, the dwelling house, or an outhouse adjoining thereto or occupied therewith, of another, with intent to commit a crime therein, he shall be deemed guilty of burglary.

W.Va. Code § 61-3-11(a). The State argues that the statute does not require a specific crime, but

only requires the general intent to commit any crime and that the circuit court therefore did not err in declining to dismiss the indictment. Under the facts of this case, we agree and find no error in the circuit court's refusal of the motion to dismiss the indictment as there was sufficient evidence to support refusal of the motion to dismiss.

Petitioner's next argument regards the failure to give an instruction on voluntary intoxication. "As a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion. By contrast, the question of whether a jury was properly instructed is a question of law, and the review is *de novo*." Syl. Pt. 1, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996). "'Instructions must be based upon the evidence and an instruction which is not supported by evidence should not be given.' Syl. pt. 4, *State v. Collins*, 154 W.Va. 771, 180 S.E.2d 54 (1971)." Syl. Pt. 3, *State v. Leonard*, 217 W.Va. 603, 619 S.E.2d 116 (2005). The State notes that there were multiple instructions regarding intent to commit the crime, and argues that petitioner's expert even opined that "usual intoxication" was not a factor in this case. Rather, petitioner was arguing that he suffered a psychosis from the LSD injection as opposed to a normal intoxication. Under the facts of this case, this Court finds that the jury was sufficiently instructed. The instruction requested by petitioner on voluntary intoxication did not conform to the evidence presented. However, the jury was sufficiently instructed that petitioner had to form the requisite intent, beyond a reasonable doubt, in order to be convicted of burglary.

Petitioner next argues that based on his lack of criminal responsibility and his diminished capacity, he could not form the requisite criminal intent required for burglary. Petitioner argues that his expert offered evidence that he was not sane at the time of the crime and therefore his motion for judgment of acquittal should have been granted. This Court has found that:

> "'There exists in the trial of an accused a presumption of sanity. However, should the accused offer evidence that he was insane, the presumption of sanity disappears and the burden of proof is on the prosecution to prove beyond a reasonable doubt that the defendant was sane at the time of the offense.' Syl. pt. 2, *State v. Milam*, 163 W.Va. 752, 260 S.E.2d 295 (1979)." Syllabus point 6, *State v. McWilliams*, 177 W.Va. 369, 352 S.E.2d 120 (1986).

Syl. Pt. 7, *State v. Lockhart,* 208 W.Va. 622, 542 S.E.2d 443 (2000). A review of the record in the present case does not show that petitioner's expert presented sufficient evidence to overcome the presumption of sanity. We have previously held that "[a] motion for judgment of acquittal challenges the sufficiency of the evidence." *State v. Houston*, 197 W.Va. 215, 229, 475 S.E.2d 307, 321 (1996) (citing Franklin D. Cleckley, 2 *Handbook on West Virginia Criminal Procedure* 292 (2d ed.1993)). To that end, we note that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not

an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 5, *State v. Broughton*, 196 W.Va. 281, 470 S.E.2d 413 (1996). Moreover, even if the petitioner presented sufficient evidence to overcome the presumption of sanity, the issue was presented to the jury upon proper instructions and the State prevailed. Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for judgment of acquittal.

Lastly, petitioner challenges the sufficiency of the evidence regarding his intent to commit a crime in the victim's home. Specifically, he argues that no evidence was presented to show that he intended to commit a crime in the home. The State argues in response that it was not required to prove that petitioner intended to commit a specific crime, but only had to put forth evidence that petitioner intended to commit some crime in the home. A review of the record shows that the evidence herein was sufficient to sustain a burglary conviction. Petitioner ransacked the home and went through the victim's closets, belongings, and purse. Viewing the evidence in the light most favorable to the prosecution, a reasonable jury could have inferred that petitioner intended to commit a crime inside the home but for the police arriving. Therefore, we find no error in petitioner's conviction on one count of burglary.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 7, 2013

**CONCURRED IN BY:**

Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis

4